ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **OSVALDO ACEVEDO y OTROS**<br><br>Recurridos<br><br>v.<br><br>**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**<br><br>Recurrente | KLRA202400342 | **REVISIÓN** procedente de la **Autoridad de Carreteras y Transportación**<br><br>Caso Núm.: **1994-ACT-013**<br><br>Sobre: Reclamación del Pago de Horas Extras |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 11 de julio de 2024.

Comparece ante nos la Autoridad de Carreteras y Transportación (Autoridad de Carreteras) en solicitud de que revisemos una *Resolución Final Parcial y Orden,* emitida y notificada el 8 de abril de 2024 por la Junta de Apelaciones de la Autoridad de Carreteras (Junta de Apelaciones).[1] En virtud del referido dictamen, se desestimó y archivó con perjuicio la apelación de pago de horas extras de veintisiete (27) empleados gerenciales de carretera de la Autoridad de Carreteras (empleados gerenciales). Además, ordenó incluir a dieciséis (16) empleados gerenciales en las conversaciones transaccionales con la Autoridad de Carreteras, ya que la reclamación de estos no se había atendido, a pesar de estar activos en la tramitación del pleito. Asimismo, la Junta de Apelaciones

---

[1] Apéndice de *Revisión Judicial*, Anejo 36, págs. 232-243. Tras ambas partes solicitar reconsideración, el 10 de junio de 2024, la Junta de Apelaciones emitió una *Resolución*, notificada el 12 de junio de 2024, en la que declaró No Ha Lugar a las reconsideraciones.

ordenó que se le informara si existía la posibilidad de que las partes llegaran a un acuerdo.

Por los fundamentos que esbozaremos a continuación, se adelanta la desestimación de este recurso de revisión judicial por falta de jurisdicción.

Veamos los antecedentes fácticos del caso que sostiene nuestra determinación.

## I.

La controversia ante nuestra consideración dimanó el 3 de marzo de 1994, fecha en que José J. Rodríguez Yulfo, Edwin M. Sánchez Villarrubia, Efraín Rosa Villanuevas, José L. Aponte López, Marcos Rodríguez Rodríguez, Juan M. Pagán Colón, Marcos Rodríguez Laureano por sí y en representación de todos los empleados gerenciales de carrera de la Autoridad de Carreteras en la misma situación, presentaron una *Apelación* de clase contra la Autoridad de Carreteras ante la Junta de Apelaciones.[2] En esta, alegaron que pertenecían a una clase tan numerosa que la acumulación de todos sus miembros resultaba impráctico, pero que los hechos y el derecho eran comunes con los de la clase que representan. A saber, arguyeron que eran empleados regulares de la Autoridad de Carretera que ocupaban puestos gerenciales, en los que debían laborar en una jornada regular de ocho (8) horas diarias, para un total de cuarenta (40) horas semanales. Adujeron que otros empleados de la Autoridad de Carreteras ostentaban la misma clasificación, pero trabajaban una jornada regular de siete horas y media (7 1/2) diarias, para un total de treinta y siete horas y media (37 1/2) a la semana. Alegaron que dicha desigualdad en la jornada de trabajo regular constituía una violación a la garantía constitucional de la igual protección de las leyes. Por ello, solicitaron

---

[2] *Íd.*, Anejo 1, págs. 1-7.

que dicho exceso se le compensara a tiempo doble y se le concediera una suma por concepto de penalidad, a tenor con el Artículo 13 de la Ley Núm. 379 del 15 de mayo de 1946, según enmendada, conocida como la *Ley para establecer la jornada de trabajo en Puerto Rico*, 29 LPRA sec. 271 *et seq.*

Tras varios años de litigación administrativa, el 15 de noviembre de 2015 se celebró la vista en su fondo ante la Junta de Apelaciones.[3]

Posteriormente, el 28 de enero de 2016, la Junta de Apelaciones emitió una *Resolución Final Parcial.*[4] Mediante esta, se desestimó con perjuicio la *Apelación* de sesenta y cinco (65) empleados gerenciales que la Junta de Apelaciones entendió que abandonaron su causa de acción y mostraron inacción y falta de interés, sumado al incumplimiento craso con las *Órdenes* del organismo adjudicativo.

El 31 de enero de 2017, la Junta de Apelaciones emitió y notificó una *Resolución Final*, en la que resolvió que treinta (30) empleados gerenciales tenían derecho a cobrar aquellas horas trabajadas en exceso de las siete y media (7 1/2) diarias.[5]

Inconformes con la *Resolución Final Parcial* emitida el 28 de enero de 2016 por la Junta de Apelaciones, los empleados gerenciales recurrieron a esta Curia Apelativa. El 28 de febrero de 2017, un Panel Hermano de este Tribunal emitió una *Sentencia*, en la que revocó la determinación de la Junta de Apelaciones al entender que los empleados gerenciales demostraron ser diligentes en su interés de continuar con el caso.[6]

Posteriormente, el martes, 26 de octubre de 2021, la Junta de Apelaciones celebró una vista de seguimiento.[7] De la *Minuta* surgió

---

[3] *Íd.*, Anejo 42, págs. 296-356.
[4] *Íd.*, Anejo 14, págs. 46-50. Archivada y notificada el 29 de enero de 2016.
[5] *Íd.*, Anejo 42, págs. 296-356.
[6] *Íd.*, Anejo 25, págs. 162-171. Archivada y notificada el 3 de marzo de 2017.
[7] *Íd.*, Anejo 28, págs. 177-194.

que la Jueza Administradora estableció que las partes hicieron una distinción de tres (3) grupos entre los empleados gerenciales, siendo estos: los treinta (30) apelantes, a quienes la *Resolución Final* del 31 de enero de 2017 le advino final, firme e inapelable, los sesenta y cinco (65) apelantes que el Tribunal de Apelaciones revocó la desestimación del pleito, y un tercer grupo de cuarenta y tres (43) apelantes que no acudieron a la vista en su fondo y fueron excluidos de la *Resolución Final* del 31 de enero de 2017. Por ello, la Juez Administradora ordenó que se le detallara la información de los cuarenta y tres (43) empleados gerenciales que se excluyeron de la *Resolución Final* del 31 de enero de 2017 y si tenían un interés genuino en la tramitación del caso.

En cumplimiento con lo anterior, el 12 de noviembre de 2021, los empleados gerenciales presentaron una moción que contenía a lista de los cuarenta y tres (43) empleados gerenciales que no acudieron a la vista en su fondo y fueron excluidos de la *Resolución Final* del 31 de enero de 2017.[8] Arguyeron que dichos empleados no acudieron a la vista, dado que no recibieron una notificación adecuada por parte de la Junta de Apelaciones, a pesar de contar con sus direcciones en el expediente. Asimismo, adujeron que del expediente del caso se reflejaba el interés y la diligencia por parte de estos empleados gerenciales para preservar su reclamación. Manifestaron que durante el transcurso de veintiocho (28) años en el proceso de apelación ante la Junta de Apelaciones, se ha imposibilitado conseguir algunos empleados gerenciales que fallecieron o se retiraron, pero que ostenta interés propietario sobre el salario dejado de percibir.

Por su parte, el 22 de septiembre de 2022, la Autoridad de Carreteras presentó una *Moción en Cumplimiento de Orden.*[9] En esta,

---

[8] *Íd.*, Anejo 34, págs. 212-226.
[9] *Íd.*, Anejo 35, págs. 227-231.

sostuvo que los cuarenta y tres (43) empleados gerenciales excluidos ni sus representantes legales reclamaron oportunamente sobre su exclusión de la Resolución Final del 31 de enero de 2017 ni evidenciaron la razón de su incomparecencia. Además, esgrimió que la mera mención del listado de los apelantes no representaba un acto afirmativo de mostrar interés en su justa causa. Al entender de la Autoridad de Carreteras, los aludidos empleados gerenciales evidenciaron un craso abandono de su caso y falta de interés en continuar con sus reclamos, por lo que peticionó que se dictara una resolución desestimando el caso en cuanto a dichos apelantes.

Evaluados los escritos que obraron en el expediente, así como los memorandos de derechos de ambas partes, relacionados con la controversia de los cuarenta y tres (43) empleados gerenciales excluidos, el 8 de abril de 2024, la Junta de Apelaciones emitió una *Resolución Final Parcial y Orden*.[10] Mediante esta, el organismo adjudicativo formuló las siguientes determinaciones de hechos:

1. Existen cuarenta y tres (43) Apelantes que no se mencionan en la Minuta de la vista llevada a cabo el 3 de noviembre de 2015.
2. Surge de la Solicitud de Reconsideración presentada por la parte Apelante los nombres de todos los Apelantes, incluyendo a los cuarenta y tres (43) Apelantes que están en controversia. Del escrito antes mencionado surge en los incisos 19, 20 y 21 las razones para su incomparecencia. De igual forma, en el escrito de Revisión Administrativa presentado por la parte Apelante ante el Tribunal de Apelaciones, Caso Núm. KLRA2016-0563, se hace mención de estos Apelantes.
3. Los cuarenta y tres (43) Apelantes que fueron excluidos de la Resolución son los siguientes:
    1) Ángel Pagán Negrón
    2) Hermelindo Romero Valentín
    3) Flor Sáenz Carrión
    4) Joaquín A. Becerril Sepúlveda
    5) José A. Figueroa Medina
    6) José A. Quiñones Quiñones
    7) José Ernesto Quintana Soto
    8) José J. Pérez Serrano
    9) Juan R. Nevares Cruz
    10) Luis A. Quiles Pratts
    11) Manuel A. González Gelabert
    12) Mario Rodríguez Laureano
    13) Miguel Sánchez Rivera

---

[10] *Íd.*, Anejo 36, págs. 232-243. Archivado y notificado el 8 de abril de 2024.

14) Quintín Espinosa Robles
15) Rogelio García Rodríguez
16) Hermelindo Cuevas Ruiz
17) Santiago Rodríguez Ramos
18) Ramón E. Méndez Alicea
19) Luis A. Torres Jaime
20) Luis Cruz Flores
21) Marcos Rodríguez Rodríguez
22) Juan Caraballo Justiniano
23) Moisés Meléndez Ríos
24) Francisco Ortiz Cirino
25) Orlando Colón Torres
26) Oscar Olmeda Mercado
27) Carlos René Vélez Arocho
28) Héctor Rosario Corredor
29) Jorge Luis Burgos López
30) José L Gómez Delgado
31) Roberto Collazo Santiago
32) Diego Tamariz Valderrama
33) Alberto Martí Dávila
34) Efraín Hernández González
35) Efraín Rosa Villanueva
36) Harold Cortés Laclaustra
37) José L. Torres Ortiz
38) Luis A. Cordero Fuentes
39) Luis A. Cordero Quiñones
40) Osvaldo Acevedo Acevedo
41) Ramón L. Figueroa González
42) Ramón Valentín González
43) Wilfredo De Jesús Malavé

4. Surge del expediente que hay veintiún (21) Apelantes de ese listado que al día de hoy, no han comparecido ni han expresado razones para su incomparecencia durante todos los años que lleva activo el presente caso. Estos Apelantes no pudieron ser notificados ni en el momento de la celebración de la vista en su fondo ni, al día de hoy, han presentado alguna razón que justifique su inacción y desinterés en el caso. Los Apelantes son los siguientes:

1) Ángel Pagán Negrón
2) Hermelindo Romero Valentín
3) Flor Sáenz Carrión
4) Joaquín A. Becerril Sepúlveda
5) José A. Figueroa Medina
6) José A. Quiñones Quiñones
7) José Ernesto Quintana Soto
8) José J. Pérez Serrano
9) Juan R. Nevares Cruz
10) Luis A. Quiles Pratts
11) Manuel A. González Gelabert
12) Mario Rodríguez Laureano
13) Miguel Sánchez Rivera
14) Quintín Espinosa Robles
15) Rogelio García Rodríguez
16) Hermelindo Cuevas Ruiz
17) Santiago Rodríguez Ramos
18) Ramón E. Méndez Alicea
19) Luis A. Torres Jaime
20) Luis Cruz Flores
21) Marcos Rodríguez Rodríguez

5. Surge del expediente que tres (3) Apelantes fallecieron y no se realizó la sustitución de parte, oportunamente, ni han comparecido a esta Junta de Apelaciones sus herederos por sí, o con representación legal. Los Apelantes son los siguientes:
    1) Juan Caraballo Justiniano
    2) Moisés Meléndez Ríos
    3) Francisco Ortiz Cirino

6. Hay tres (3) Apelantes que se acogieron al Programa de Retiro bajo la Ley 70-2010, renunciando a su puesto en la ACT. Los Apelantes son:
    1) Orlando Colón Torres
    2) Oscar Olmeda Mercado
    3) Carlos René Vélez Arocho

7. Durante el trámite procesal, algunos Apelantes fallecieron y se hizo la sustitución de parte, oportunamente. En total son cinco (5) Apelantes y son los siguientes:
    1) Héctor Rosario Corredor
    2) Jorge Luis Burgos López
    3) José L. Gómez Delgado
    4) Roberto Collazo Santiago
    5) Diego Tamariz Valderrama

8. Del expediente surge que hay once (11) Apelantes que en la Solicitud de Reconsideración se mencionan las razones para su incomparecencia a la vista en su fondo. Estos Apelantes fueron excusados por su incomparecencia de la vista y algunos presentaron evidencia médica, evidencia de viajes o estarían gestionando la evidencia. Los Apelantes son:
    1) Alberto Martí Dávila
    2) Efraín Hernández González
    3) Efraín Rosa Villanueva
    4) Harold Cortés Laclaustra
    5) José L. Torres Ortiz
    6) Luis A. Cordero Fuentes
    7) Luis A. Cordero Quiñones
    8) Osvaldo Acevedo Acevedo
    9) Ram[ó]n L. Figueroa González
    10) Ram[ó]n Valentín González
    11) Wilfredo De Jesús Malavé

Así las cosas, la Junta de Apelaciones desestimó y archivó el caso contra veintisiete (27) de los cuarenta y tres (43) empleados gerenciales excluidos. Por otro lado, concluyó que dieciséis (16) de estos empleados fueron parte activa en la tramitación de su caso, sin que se haya atendido su reclamación. Por ello, ordenó la inclusión de dichos empleados gerenciales en las conversaciones transaccionales con la Autoridad de Carreteras. A su vez, la Junta de Apelaciones concedió un término de treinta (30) días para que las partes notificaran si existía la posibilidad de llegar a un acuerdo.

Insatisfechos, el 29 de abril de 2024, los empleados gerenciales peticionaron una reconsideración.[11] En esta, le solicitaron a la Junta de Apelaciones que reconsiderara su determinación de desestimar el caso contra (21) de los empleados gerenciales que no fueron excluidos por la Ley Núm. 70-2010, conocida como la *Ley del Programa de Incentivos, Retiro y Readiestramiento*, 3 LPRA sec. 8881, o que fallecieron sin ser sustituidos. Asimismo, expresaron que, por la longevidad de este caso y la cantidad voluminosa de apelantes, se ha dificultado localizar y notificar a todos los que forman parte del pleito.

En igual fecha, la Autoridad de Carreteras solicitó reconsideración.[12] En esencia, puntualizó que se debía desestimar el caso contra los dieciséis (16) empleados gerenciales que la Junta de Apelaciones ordenó unir a las conversaciones transaccionales. Esto, al entender que del expediente no surgió su participación activa e incumplieron con las órdenes del organismo adjudicativo. La Autoridad de Carreteras alegó que el día de la vista en su fondo, celebrada el 7 de diciembre de 2021, el representante legal de los empleados gerenciales no advirtió que algunos apelantes faltarían al proceso. Adicionalmente, se opuso a la sustitución de los señores Héctor Rosario Corredor y Diego Tamariz Valderrama, toda vez que el 9 de febrero de 2016 se solicitó término para presentar evidencia que se sometió el 3 de marzo de 2022. Además, afirmó que la evidencia médica presentada por el señor Luis A. Cordero Quiñones es de fecha posterior a la celebración de la vista en su fondo, más que la excusa médica presentada por los señores Ramón L. Figueroa González, Ramón Valentín y Luis A. Cordero Fuentes era genérica e idéntica en formato y razón. Asimismo, la Autoridad de Carreteras argumentó que la evidencia de viaje presentada por el señor Harold Cortés Laclaustra pertenecía a otra persona, más que no se evidenció la

---

[11] *Íd.*, Anejo 37, págs. 244-253.
[12] *Íd.*, Anejo 38, págs. 254-283.

excusa de problemas de transportación del señor Efraín Hernández González.

El 23 de mayo de 2024, la Junta de Apelaciones celebró una vista argumentativa para atender los reclamos de la reconsideración de ambas partes.

Sometido el asunto en controversia, el 10 de junio de 2024, la Junta de Apelaciones emitió una *Resolución,* en la que declaró No Ha Lugar a las solicitudes de reconsideración de ambas partes.[13] El organismo adjudicativo resolvió que del expediente surgió que los empleados gerenciales a los cuales se les había desestimado su causa por inactividad habían sido previamente advertidos que el incumplimiento con sus órdenes podría conllevar la desestimación de su causa de acción con perjuicio. Además, consignó que desde el año 2015 no cumplían con lo ordenado, por lo que se apreciaba que carecían de interés genuino en su reclamación. Por otra parte, la Junta de Apelaciones resolvió que no se han atendido los reclamos de algunos empleados gerenciales que fueron excusados por su representante legal y que, al excusarse, la Autoridad de Carreteras no objetó oportunamente cada uno de los documentos presentados. Asimismo, la Junta de Apelaciones resolvió que la Autoridad de Carretera nunca solicitó reconsideración a su previa determinación en cuanto a la sustitución de parte.

No conforme, el 27 de junio de 2027, la Autoridad de Carreteras acudió ante esta Curia apelativa mediante el presente recurso de revisión judicial en la que esbozó que la Junta de Apelaciones incidió en cometer los siguientes errores:

> PRIMER ERROR: LA RESOLUCIÓN FINAL PARCIAL EMITIDA POR LA JUNTA DE APELACIONES DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTE EL 8 DE ABRIL DE 2024 EN EL CASO DE AUTOS, ES NULA POR FALTA DE JURISDICCIÓN. LO ANTERIOR TODA VEZ QUE, DICHA RESOLUCIÓN ES PRODUCTO DE UNA DETERMINACIÓN EN TORNO A LA SOLICITUD DE

---

[13] *Íd.*, Anejo 41, págs. 294-295. Archivada y notificada el 13 de junio de 2024.

RECONSIDERACIÓN DE LOS AQUÍ RECURRIDO Y ACOGIDA POR DICHO FORO **EL 17 DE FEBRERO DE 2016 MEDIANTE RESOLUCIÓN**, QUE, NO HABÍA [SIDO] RESUELTA PASADO EL TÉRMINO DE 90 DÍAS PARA EXPRESARSE DICHA JUNTA EN TORNO A LA SOLICITUD DE RECONSIDERACIÓN EN CUESTIÓN Y SOBRE LA CUAL, REITERAMOS, PERDIÓ JURISDICCIÓN ESPECÍFICAMENTE EL 10 DE MAYO DE 2016. LA JURISDICCIÓN [DE] LA JUNTA DE APELACIONES ESTABA LIMITADA A LO RESUELTO POR ESTE HONORABLE TRIBUNAL EN EL CASO KLRA201600563, ESTO EVIDENTEMENTE EXCLUYÓ A LOS 43 EMPLEADOS OBJETO DE CONTROVERSIA COMO PARTES ACTIVAS A[Ú]N EN EL CASO.

SEGUNDO ERROR: ERRÓ LA JUNTA DE APELACIONES DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN AL DETERMINAR QUE, LOS AQUÍ RECURRIDOS CUMPLIERON CON LOS REQUISITOS DE CAUSA JUSTIFICADA, DEBIDAMENTE DETALLADOS EN LA ORDEN DE MOSTRAR CAUSA CONTENIDA EN LA MINUTA DE LA VISTA EN SU FONDO CELEBRADA EL 3 DE NOVIEMBRE DE 2015, PARA **TODOS LOS NO COMPARECIENTES** A DICHA VISTA.

TERCER ERROR: ERRÓ LA JUNTA DE APELACIONES DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN AL DETERMINAR QUE, LA ACT NO HA PRESENTADO OBJECIÓN A LAS "EXCUSAS" PRESENTADAS POR LOS RECURRIDOS, LUEGO DE EMITIDA LA RESOLUCIÓN PARCIAL FINAL DEL 28 DE ENERO DE 2016 Y A LAS SUSTITUCIONES DE PARTES POR MUERTE DE LOS AQUÍ RECURRIDOS. LA ACT PRESENTÓ VARIAS OPOSICIONES A LA PRESENTACIÓN DE "EXCUSAS" POR INCOMPARECENCIA A LA VISTA DEL 3 DE NOVIEMBRE DE 2015 Y A LA EXCESIVAMENTE TARDÍA PRESENTACIÓN DE DOCUMENTOS RELACIONADOS CON PROCESOS DE HERENCIA DE LOS ALEGADOS APELANTES-RECURRIDOS AUSENTES.

CUARTO ERROR: ERRÓ LA JUNTA DE APELACIONES [DE LA] AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN AL DESENTENDERSE DE LOS PROCESOS ACONTECIDOS ANTE DICHO FORO Y ANTE ESTE HONORABLE TRIBUNAL PUES DE LAS MOCIONES, [Ó]RDENES, RESOLUCIONES Y REGRABACIÓN DE LA VISTA EN SU FONDO DEL 3 DE NOVIEMBRE DE 2015 SURGE CLARAMENTE QUE, EL RECLAMO DE "RECONSIDERACIÓN" Y EVENTUAL "REVISIÓN ADMINISTRATIVA", CASO KLRA201600563, ES SOLO POR LOS 66 EMPLEADOS QUE ESTE HONORABLE TRIBUNAL FAVORECIÓ CON SU SENTENCIA. NADA SE RECLAMÓ EN FAVOR DE LOS 43 EMPLEADOS SUJETOS A CONTROVERSIA MEDIANTE EL RECURSO DE AUTOS EN NINGUNA DE LAS INSTANCIAS, AL CONTRARIO, LO QUE SURGE CLARAMENTE DE DICHA VISTA EN SU FONDO ES QUE, LA APELACIÓN 1994 ACT 013, SE REDUJO A 85

EMPLEADOS POR ADMISIÓN DE LA PROPIA PARTE, DURANTE LA CELEBRACIÓN DE DICHA VISTA Y POR RAZÓN DE MOCIÓN A ESOS EFECTOS PRESENTADA POR LOS [...] PROPIOS AQUÍ RECURRIDOS. AHORA LOS RECURRIDOS NO PUEDEN IR EN CONTRA DE SUS PROPIOS ACTOS.

En atención a los errores planteados por la Autoridad de Carreteras, procedemos a exponer la normativa jurídica atinente a este recurso.

## II.

### A. <u>Jurisdicción</u>

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). A saber, ante la falta de jurisdicción, un tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 386. Dado que un foro judicial no puede asumir discrecionalmente jurisdicción donde no la hay, el primer factor que debe considerar al evaluar una situación jurídica es el aspecto jurisdiccional. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Pues, los foros judiciales estamos llamados a ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos jurisdiccionales son privilegiados y se atienden con prioridad. De lo contrario, la falta de jurisdicción conlleva como consecuencia:

> que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Íd.*

Por ello, cuando un tribunal carece de jurisdicción para intervenir en un asunto, procede que inmediatamente desestime el

recurso apelativo, sin entrar en los méritos de la controversia. *Íd.*, pág. 501; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).

## B. Revisión judicial

En el ejercicio de nuestra función revisora de determinaciones administrativas, el Artículo 4.006 de la Ley de la Judicatura, 4 LPRA sec. 24 y, dispone que el Tribunal de Apelaciones tiene la competencia para atender mediante recurso de revisión judicial las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. Véase también la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9672 (LPAUG). Importante es que "**[l]a decisión administrativa es final cuando ha decidido todas las controversias y no deja pendiente ninguna para ser decidida en el futuro**". D. Fernández Quiñones, *Derecho administrativo y Ley de Procedimiento Administrativo Uniforme*, 3ra ed., Colombia, Ed. Forum, 2013, pág. 687 (Énfasis nuestro). Pues, la referida Sección 4.2 de la LPAUG, *supra*, sec. 9672, dispone que "**[u]na orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia**". (Énfasis nuestro). Es decir, la revisión judicial procede una vez la agencia concluye todos los trámites administrativos pendientes ante sí. *Miranda Corrada v. DDEC et al.*, 211 DPR 738, 746 (2023); *Fonte Elizondo v. F&R Const.*, 196 DPR 353, 358 (2016). Por ello, como cuestión de umbral, resulta necesario que el foro revisor examine si la acción de la agencia es revisable. D. Fernández Quiñones, *op. cit.*, pág. 543. Por otro lado, la Sección 4.3 de la LPAUG, supra, sec. 9673, establece lo siguiente:

> El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea

inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.

Para ello, resulta imprescindible que el tribunal examine las disposiciones de la ley especial que rige cada controversia. *Miranda Corrada v. DDEC et al.*, *supra*. Pues, "[l]os estatutos orgánicos de los organismos administrativos pueden establecer que existen asuntos o determinaciones que no son revisables porque son el producto de la discreción de la agencia". D. Fernández Quiñones, *op. cit.* Dado que existe una presunción que favorece la revisión judicial, todo asunto administrativo es revisable, excepto el estatuto especial expresa y claramente prohíba la revisión judicial de la acción administrativa. *Íd.*, pág. 544. Cuando la acción administrativa es discrecional, se requiere examinar si menoscaba derechos constitucionales o estatutarios de las partes. *Íd.* En este sentido, para que esta Curia apelativa pueda intervenir con una determinación administrativa discrecional, debe estar involucrado algún interés propietario o libertario que podría ser afectado. V*éase Rivera Sierra v. Supte. Anexo 500 Guayama*, 179 DPR 98 (2010); *Álamo Romero v. Adm. de Corrección*, 175 DPR 314 (2009). Esto, toda vez que cuando la acción administrativa implica preceptos constitucionales, la Asamblea Legislativa no puede impedir el acceso a los tribunales. D. Fernández Quiñones, *op. cit.* Además, se deben evaluar los siguientes factores: si existe una amplia discreción administrativa, el grado de experiencia y peritaje para comprender la materia, la naturaleza de la agencia, la habilidad del tribunal para asegurar resultados correctos, la necesidad de la informalidad y celeridad en la determinación administrativa y si existen otros controles de la discreción administrativa. *Íd.*, pág. 550.

## C. **Junta de Apelaciones de la Autoridad de Carreteras**

Por virtud del Reglamento de Personal de la Autoridad de Carreteras, Reglamento Núm. 8111, Departamento de Estado, 28 de noviembre de 2011, enmendado el 16 de abril de 2014, se creó la Junta de Apelaciones de la Autoridad de Carreteras. Dicho organismo adjudicativo ostenta jurisdicción primaria y exclusiva para atender, resolver y adjudicar las controversias en las que sean parte los empleados de carrera gerenciales, que sean afectados y que no estén conformes con las decisiones sobre principio de mérito, clasificación de puestos, reclutamientos y selección, ascensos, traslados, descensos, retribución, adiestramiento y retención e imposición de medidas disciplinarias que conlleven destitución, suspensión de empleo y sueldo o amonestación. *Véase* Sec. 19.1 del Reglamento de Personal, *supra*; Sec. 19.2 del Reglamento de Personal, *supra.*

La Sección 19.6 (n) del Reglamento de Personal, supra, dispone lo siguiente respecto a la revisión judicial de una determinación de la Junta de Apelaciones:

> Las decisiones del Juez Administrador serán finales y obligatorias para las partes, a menos que el Director Ejecutivo o la parte adversamente afectada solicite la revisión judicial al Tribunal competente. Para poder solicitar la referida revisión judicial, la parte adversamente afectada por una resolución u orden parcial o final, deberá dentro del término jurisdiccional de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden [...] del Juez Administrador. El Juez Administrador, dentro de los quince (15) días de haberse presentado la referida moción, deberá considerarla. Si la rechaza de plano o no actúa dentro de los quince (15) días, el término para solicitar revisión comenzará a contarse nuevamente desde que se notifica dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se toma alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archiva en autos una copia de la notificación de la resolución de la Junta de Apelaciones resolviendo definitivamente la moción. Si la Junta de Apelaciones dejase de tomar alguna acción con relación a la moción de reconsideración dentro de los noventa (90) días de haber sido radicada una moción acogida para resolución, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial

empezará a contarse a partir de la expiración de dichos noventa (90) días, salvo que el Tribunal por justa causa autorice a la Junta de Apelaciones una prórroga para resolver por un tiempo razonable. La moción de reconsideración será jurisdiccional para poder solicitar la revisión judicial [...]

Expuesta la normativa jurídica, procedemos a aplicarla a los hechos de este caso.

**III.**

En el presente recurso, la Autoridad de Carreteras nos planteó que la Junta de Apelaciones cometió cuatro (4) errores relacionados a las determinaciones de hechos formuladas por dicho organismo adjudicativo, a pesar de que nos adujo que correspondían a cuestiones de derecho. Como primer planteamiento de error, alegó que la Junta de Apelaciones emitió el 8 de abril de 2024, la *Resolución Final Parcial y Orden* sin jurisdicción, en vista de que dicho dictamen respondió a una determinación en torno a una solicitud de reconsideración del 17 de febrero de 2016. Al respecto, esgrimió que la Junta de Apelaciones respondió a dicha solicitud de reconsideración, pasado el término de noventa (90) días. Concretó que conforme con la Sección 3.15 de LPAUG, *supra,* sec. 9655, la resolución en reconsideración de la Junta de Apelaciones debía ser emitida dentro de los noventa (90) días siguientes a la radicación de la solicitud a esos fines. Además, que, si la Junta de Apelaciones acogiera la moción, pero dejara de tomar alguna acción dentro de los noventa (90) días de haberse radicado, perdía la jurisdicción sobre la misma y el término para solicitar la revisión judicial decursaría a partir de la expiración de dicho término, salvo justa causa o prorrogación del término. Por ello, alegó que la *Resolución Final Parcial y Orden* es nula, dado que la Junta de Apelaciones formuló determinaciones de hechos relacionadas a asuntos que la Autoridad de Carreteras solicitó reconsideración el 9 de febrero de 2016 y que fueron adjudicados por este Tribunal mediante la Sentencia emitida

el 28 de febrero de 2017 en el caso KLRA2016-0563, la cual advino final, firme e inapelable.

Como segundo y tercer planteamiento de error, la Autoridad de Carreteras arguyó que incidió la Junta de Apelaciones al determinar que los empleados gerenciales cumplieron con la orden de mostrar causa por la cual no asistieron a la vista en su fondo y que la Autoridad de Carreteras no objetó la evidencia presentada a esos efectos. Por último, como cuarto planteamiento de error, la Autoridad de Carreteras esbozó que la Junta de Apelaciones desentendió los procedimientos puesto que la *Sentencia* emitida por un Panel Hermano de este Tribunal le es aplicable sólo a los sesenta y seis (66) empleados gerenciales que acudieron en revisión judicial, más no a los cuarenta y tres (43) empleados excluidos de dicha *Sentencia.*

Como cuestión de umbral, nos corresponde evaluar el asunto jurisdiccional. Es norma trillada que, a tenor con la Sección 4.2 de LPAUG, *supra,* sec. 9672, este Tribunal puede atender un recurso de revisión judicial de una decisión, orden o resolución final de un organismo administrativo. Sabido es que una decisión administrativa es final cuando el organismo adjudicativo decidió todas las controversias, sin dejar pendiente ninguna a ser decidida en el futuro. *Véase* D. Fernández Quiñones, *op. cit.,* pág. 687. Asimismo, la propia Sección 4.2 de LPAUG, *supra,* sec. 9672, establece que una disposición interlocutoria administrativa podrá ser revisable como parte del recurso que la parte adversamente afectada de una decisión administrativa final presente ante esta Curia apelativa. Es decir, cuando el organismo administrativo concluya todos los trámites administrativos pendientes ante sí. *Véase Miranda Corrada v. DDEC et al., supra,* pág. 746; *Fonte Elizondo v. F&R Const., supra,* pág. 358.

En este caso, la Autoridad de Carreteras nos peticionó revisar una determinación interlocutoria de la Junta de Apelaciones, la cual no concluye todos los trámites administrativos ni las controversias

que quedan pendiente ante el aludido organismo adjudicativo. Por ello, tras un análisis sosegado del expediente ante nuestra consideración, resulta forzoso concluir que no ostentamos jurisdicción para atender en sus méritos el asunto presentado por la Autoridad de Carreteras. Por otro lado, del expediente ante nos no surge justificación alguna que nos permita apartarnos de la referida normativa jurídica. Es decir, la Autoridad de Carreteras no nos mostró que el remedio administrativo es inadecuado, que requerir su agotamiento produciría un daño irreparable, que en el balance de intereses no se justifique agotarlo, que la agencia está produciendo una dilación excesiva, que es un caso claro de falta de jurisdicción o que no se requiera la pericia administrativa. Es esencial recordar que la Junta de Apelaciones es el organismo adjudicativo que ostenta la jurisdicción primaria y exclusiva para atender los asuntos de este caso y que es el foro que tiene la pericia y el récord más completo sobre las incidencias de este caso. Cuando culminen todos los trámites administrativos antes el referido organismo adjudicativo, la parte adversamente afectada podrá recurrir ante este Tribunal para señalar los errores planteados en este recurso.

Por todo lo anterior, ante la carencia de jurisdicción para atender el asunto presentado ante nos, procede desestimar el recurso de revisión judicial de la Autoridad de Carreteras.

**IV.**

Por los fundamentos antes expuestos, se desestima este recurso de revisión judicial.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones